UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RICHARD MARTIN,                                          :
                    Plaintiff,           :
                                         :
v.                                                       :
                                         :    **MEMORANDUM OPINION**
                                         :    **AND ORDER**
THE HOME DEPOT; HOME DEPOT U.S.A.,                       :
INC.; HOME DEPOT STORE SUPPORT, LLC;                     :    19 CV 3655 (VB)
THE HOME DEPOT, INC.; GENERAL                            :
ELECTRIC APPLIANCES INC.; and                            :
GENERAL ELECTRIC COMPANY,                                :
                    Defendants.          :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Richard Martin brings this product liability action against defendants the Home Depot, Home Depot U.S.A., Inc., Home Depot Store Support, LLC, The Home Depot, Inc., General Electric Appliances Inc., and General Electric Company ("General Electric"), in connection with plaintiff's alleged injuries at a Home Depot store in Matamoras, Pennsylvania.

Before the Court is General Electric's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). (Doc. #33). Plaintiff failed to oppose the motion.

For the following reasons, the motion is GRANTED.

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011) (internal quotation omitted). The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009).

1

Plaintiff brings this action invoking subject matter jurisdiction by reason of diversity of citizenship under 28 U.S.C. § 1332(a). To invoke diversity jurisdiction, there must be complete diversity of citizenship—in other words, the citizenship of the plaintiff must be diverse from the citizenship of each defendant. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

An individual's citizenship is determined by domicile—"the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks omitted). "[A] corporation is deemed to be a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated." Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002) (citing 28 U.S.C. § 1332(c)(1)).

Here, plaintiff alleges he is a resident of New York (Compl. ¶ 1), and further states he is domiciled in New York (Doc. #18); therefore, plaintiff is a citizen of New York for purposes of diversity jurisdiction. Plaintiff also alleges that General Electric is incorporated in New York (Compl. ¶ 22), which is confirmed by documentary evidence submitted in support of the motion to dismiss (Docs. ##35-3, 35-4); therefore, General Electric is also a citizen of New York for purposes of diversity jurisdiction. Thus, complete diversity does not exist, and this Court lacks subject matter jurisdiction.

## **CONCLUSION**

The motion to dismiss is GRANTED, and the case is DISMISSED WITHOUT PREJUDICE.

The Clerk is instructed to terminate the motion (Doc. #33) and close this case.

The July 29, 2019, conference is cancelled.

Dated: July 10, 2019
       White Plains, NY

                              SO ORDERED:

                              _____
                              Vincent L. Briccetti
                              United States District Judge